# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0682-19T2

L.C.,[1]

    Plaintiff-Appellant,

v.

S.C. and L.F.,

    Defendants-Respondents.

_____

        Submitted November 5, 2020 – Decided January 22, 2021

        Before Judges Whipple and Firko.

        On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-4749-14.

        L.C., appellant pro se.

        Jardim, Meisner & Susser, PC, attorneys for respondents (Kenneth L. Winters, on the brief).

PER CURIAM

---

[1] Because the Family Part trial record is under seal pursuant to N.J.S.A. 9:17-42 and <u>Rule</u> 5:3-2, we use initials in place of parties' names. <u>R.</u> 1:38(d)(14).

This appeal emanates from more than ten years of paternity actions initiated by plaintiff L.C.; her godson, R.S.; and his mother. Plaintiff is the godmother and former guardian of now-adult R.S., whom plaintiff claims was fathered by defendant S.C. Plaintiff here appeals two orders, issued on July 16, 2019, and September 6, 2019, sealing Family Part transcripts that memorialized proceedings against S.C. and his attorney, L.F. We dismiss the appeal for the following reasons.

On July 16, 2019, Judge Steven J. Polansky issued an order limiting the release of transcripts and recordings of hearings for "reasons set forth on record." That order was prepared in response to L.C.'s request for transcripts in preparation for her appeal of an underlying action. In the order, various measures are set forth that prevent the dissemination of sealed records. Nevertheless, the order enables L.C. to use the transcripts for purposes of appeal.

On August 15, 2019, the day after we upheld the trial court's imposition of litigation sanctions against L.C. for violating sealing orders,[2] Judge Polansky vacated his July 16, 2019. In an apparent self-correction, on September 6, 2019, Judge Polansky vacated the August 15 order. The most recent order of

_____

[2] L.C. v. S.C., Nos. A-0099-15, A-0227-15, A-1916-16; A-0228-15/A-0229-15/A-2491-16 (App. Div. Aug. 14. 2019) (slip op. at 20).

September 6, 2019, reinstates the original July 16, 2019, transcript order.  This appeal followed.

Plaintiff raises numerous arguments reasserting past grievances and generally asserting she has been denied her right to appeal.  She has not.

First, we emphasize that we are unable to address a contention of error by the trial court without having been provided a full record thereof.  Rule 2:5-3(a). In her appeal, plaintiff has provided no transcripts detailing Judge Polansky's reasons for issuing the July 16, 2019 order, thus leaving her appeal unperfected. Due to plaintiff's failure to perfect the record, we are restrained from disturbing the trial court's orders sealing the transcripts of the proceedings.  See Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004); see also Soc'y Hill Condo. Ass'n Inc. v. Soc'y Hill Assocs., 347 N.J. Super. 163, 177-78 (App. Div. 2002).  For reasons not entirely known to us,[3] Judge Polansky vacated the July 16, 2019 order and then reversed course by reinstating it.  Thus, because the heart of

---

[3] Defendants plausibly posit that the entry of the orders resulted from the judge's misperception of what appeals were still pending and the self-correction was ministerial.

plaintiff's argument is an assault upon the sealing order itself, we cannot assess the findings of fact and conclusions of law, unless we know what they are.[4]

Plaintiff asserts various additional arguments in her appeal. To the extent that we do not review them here, and because we discern no cognizable error on the part of the trial court, we conclude that her allegations are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] A cursory review of the record reveals that plaintiff and R.S. have violated related orders sealing the record, pursuant to N.J.S.A. 9:17-42 and Rule 5:3-2. L.C. v. S.C., A-0099-15, A-0227-15, A-1916-16; A-0228-15, A-0229-15, A-2491-16 (App. Div. Aug. 14. 2019) (slip op. at 20) ("[T]here was a pattern of violating the sealing orders and appellants' conduct in disseminating the [recording to a United Parcel Service store clerk] was a clear and blatant violation of those orders.").